### Cheryl A. FOWLER

v.

### FIRST NATIONAL STORES, INC. and Transport Insurance Company.

Supreme Judicial Court of Maine.

Argued May 1, 1980.

Decided July 14, 1980.

---

McTeague, Higbee & Tierney, Maurice Al Libner (orally), Patrick N. McTeague, Brunswick, for plaintiff.

Robinson & Kriger, Roland Beaudoin (orally), Sarah Allison Thornton, Portland, for defendants.

Before McKUSICK, C. J., and WERNICK, GODFREY, GLASSMAN and ROBERTS, JJ.

GLASSMAN, Justice.

On or about September 23, 1978, the worker, Cheryl Fowler, suffered a compensable back injury while employed in the Old Town store of First National Stores, Inc. In this timely appeal of a pro forma decree entered by the Superior Court, Penobscot County, the worker argues that the Workers' Compensation Commission erroneously calculated her "average weekly wage" under 39 M.R.S.A. § 2(2) in determining the amount of compensation for her injury. We vacate the pro forma decree.

Before the Commission on the worker's petition for compensation, the parties stipulated to the following facts. The employer hired the worker on April 15, 1978 as a clerk at an hourly wage of $2.80. Until September 16, 1978, she worked an average of eighteen to thirty hours per week, except on two occasions she worked a forty-hour week when she substituted for an absent produce manager. On or about September

16, 1978, the worker was promoted to produce manager at the rate of $6.025 per hour for a forty-hour work week, or $241.00 per week, and worked in this capacity for one week prior to her injury. The parties also agreed that as of February 1, 1979 the worker had regained fifty percent capacity and, assuming the injury were compensable, she was entitled to partial compensation from that date forward.

In an order dated September 10, 1979, and as corrected on April 16, 1980,[1] the Commission found that the worker had suffered a compensable injury and determined that her average weekly wage prior to the accident was $98.35. Based on this wage rate, the Commission ordered the employer and its insurance carrier, Transport Insurance Company, to pay the worker compensation for total incapacity from September 23, 1978 to January 31, 1979 and for partial incapacity thereafter, subject to annual salary adjustments.

▮ To determine the amount of compensation due an injured employee for partial or total incapacity, the employee's "average gross weekly wages" must first be established. *See* 39 M.R.S.A. §§ 54 and 55. Section 2(2) of Title 39 provides three alternative methods of computing the injured employee's average weekly wage. The statute sets out these methods in an order of preference dependent "upon the length of [the worker's] employment by his employer at the time of injury and the degree to which his weekly wages were constant or variable." *St. Pierre v. St. Regis Paper Co.*, Me., 386 A.2d 714, 716 (1978). The general purpose of this statute "is to provide a method of arriving at an estimate of the employee's *future earning capacity* as fairly

as possible." *Landry v. Bates Fabrics, Inc.*, Me., 389 A.2d 311, 313 (1978) (emphasis added); *see Coffin v. Hannaford Bros.*, Me., 396 A.2d 1007, 1009 (1979).

Although the Commission did not specify the method of computation it used to determine the worker's average weekly wage, it is clear from its amended decision that the Commission applied method B to arrive at the figure of $98.35.[2] Method B, 39 M.R.S.A. § 2(2)(B), provides in pertinent part:

> In case *such employment or occupation* has not so continued for said 200 full working days, the "average weekly wages, earnings or salary" shall be determined by dividing the entire amount of wages or salary earned therein by the injured employee during said immediately preceding year, by the total number of weeks, any part of which the employee worked, during the same period. (Emphasis added).

In *St. Pierre v. St. Regis Paper Co., supra,* this Court construed the phrase "such employment or occupation" contained in Section 2(2)(B) to mean the employment or occupation engaged in by the worker *at the time of his injury.* 386 A.2d at 717; *see* 39 M.R.S.A. § 2(2)(A). Therefore, the Court held that in computing the average weekly wage under method B, as with computation under method A,[3] only the employment relation that exists at the time of injury can be considered; wages earned and weeks worked by the employee for a previous employer are excluded from the computation. 386 A.2d at 717 & n.2.

Relying on *St. Pierre,* the worker contends that because she was engaged in the occupation of produce manager at the time of her injury the Commission erred in in-

---

1. In its initial order, the Commission erroneously computed the worker's average weekly wage as $108.13. By leave of this Court, the worker was permitted to secure correction of the clerical mistake. *See* 39 M.R.S.A. § 99–A; M.R.Civ.P. 60(a).

2. $2,315.15 (total wages earned by appellant while in employ of appellee) – $53.00 (wages from first week of work) = $2,262.15 ÷ 23 weeks (number of weeks worked minus first week) = $98.35. *See* 39 M.R.S.A. § 2(2)(B).

3. By its terms, method A, 39 M.R.S.A. § 2(2)(A), is applicable only when the employment or occupation engaged in by the worker at the time of injury "had continued on the part of the employer for at least 200 full working days during the year immediately preceding said injury." *Id.* It is clear that method A had no application to the instant case.

cluding in its method B computation the wages she had previously earned as a clerk. The worker maintains that under method B only her one week's wages as a produce manager for the employer should have been considered by the Commission in computing her average weekly wage.

 We agree that method B excludes wages earned and weeks worked in a former occupation even if this occupation was with the same employer. As we emphasized in *St. Pierre*, both computation methods A and B direct the Commission to determine future earning capacity on the basis of the employment or occupation at the time of injury. 386 A.2d at 717; *see Coffin v. Hannaford Bros., supra*, 396 A.2d at 1009 & n.3. *See generally* 2 A. Larson, *Workmen's Compensation Law* §§ 60.11, 60.21 (1976). Only when the foregoing computation methods "cannot reasonably and fairly be applied," 39 M.R.S.A. § 2(2)(C), is the Commission, under method C, authorized under the statute to consider, *inter alia*, the worker's previous wages from other employers or in other occupations. *See id.*

We are also satisfied that the worker acquired a new occupation within the meaning of 39 M.R.S.A. § 2(2) when she was promoted one week before her injury from the position of a part-time clerk earning $2.80 per hour to the position of produce manager at the rate of $6.025 per hour for a forty-hour work week. As a supervisory employee, the worker had responsibilities which were substantially different from those she had as a clerk. Apparently, these responsibilities were also significantly more valuable to her employer than those she had previously undertaken.

We therefore conclude that the Commission erred when it included in the method B computation the wages the worker had earned as a clerk. On remand, however, the Commission should determine whether, on the facts of this case, a one-week period is a sufficient wage base to permit application of computation method B. *See* 39 M.R.S.A. § 2(2)(C); *see, e. g., St. Pierre v. St. Regis Paper Co., supra*, 386 A.2d at 718; *Stanley v. Petroleum Tank Service, Inc.,*

Me., 284 A.2d 280, 281 n.3 (1971). If the Commission concludes that method B "cannot reasonably and fairly be applied," 39 M.R.S.A. § 2(2)(C), to determine the worker's average weekly wage, it should make the computation in accordance with method C.

The entry is:

Appeal sustained.

Pro forma decree of the Superior Court vacated.

Remanded to the Superior Court which shall remand to the Workers' Compensation Commission for further proceedings consistent with the opinion herein.

It is further ordered that the employer and its insurance carrier pay to the worker an allowance for counsel fees in the amount of $450.00 together with her reasonable out-of-pocket expenses for this appeal.

All concurring.