Georgette LAROCHELLE

v.

CREST SHOE COMPANY

and

Liberty Mutual Insurance Co.

and

Hanover Insurance Co.

Supreme Judicial Court of Maine.

Argued Jan. 5, 1995.
Decided March 9, 1995.

Paul Macri (orally), Berman & Simmons, Lewiston, for employee.

John Chapman (orally), Kelly & Chapman and John King, Norman, Hanson & Detroy, Portland, for employer.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

RUDMAN, Justice.

Crest Shoe Company (Crest) and its workers' compensation insurers, Liberty Mutual Insurance Company (Liberty Mutual) and Hanover Insurance Company (Hanover) appeal from decisions of the Appellate Division and the Workers' Compensation Commission. Because we conclude that the phrase "pending appeal" in 39 M.R.S.A. § 104–A(1) (1989) refers to a period beginning with the notice of appeal, and does not include the prior pendency of a motion for findings of fact, we affirm the decision of the Appellate Division.

Georgette LaRochelle suffered a work-related injury in 1985, while Crest was insured by Liberty Mutual, and a second injury in 1986, while Crest was insured by Hanover. In separate decrees, the Commission awarded LaRochelle 50% partial incapacity benefits for the 1985 injury, and 100% benefits for the 1986 injury, based on Hanover's failure to timely controvert the claim, pursuant to 39 M.R.S.A. § 51–B (1989). Both insurers filed timely motions for findings of fact. Inexplicably, the Commission did not issue findings until October 1991, more than four years after the initial decree. In its findings, the Commission acknowledged that the award of 150% incapacity benefits had been in error and ordered Liberty Mutual to pay Hanover the continuing 50% benefits that it had been previously paying to LaRochelle. The Commission, however, ruled that, pursuant to 39 M.R.S.A. § 104–A (1989), the insurers were not entitled to recover overpayments during the four-year pendency of their motions. Crest and its insurers appealed to the Appellate Division which also ruled that, pursuant to section 104–A, the Commission does not have authority to order the reimbursement of overpayments made during the time when a motion for findings of fact is pending. We granted the insurers' petition for appellate review pursuant to 39–A M.R.S.A. § 322 (Supp.1994).

■ As we noted in *American Mutual Insurance Co. v. Murray*, 420 A.2d 251, 252 (Me.1980), the Commission has no authority to order the reimbursement of overpayments made prior to appeal other than that which is expressly granted in the Act. In response to our decision in *Murray*, the Legislature amended section 104–A to provide in pertinent part:

The employer or insurance carrier shall make compensation payments as follows:

**1. Order or decision.** ... Payment shall not be suspended ... in the event of appeal to the Appellate Division as provided in section 103–B or, if the division finds that the employee is entitled to compensation, in the event of appeal to the Law Court from a decision of the division as provided in section 103–C, except that the commission shall retain jurisdiction, pending the decision on appeal, to enter orders or decisions as provided in section 100. If the commission, after a review of incapacity under section 100, issues an order or decision denying compensation to an employee, compensation shall be suspended from the date of the commission's order or decision, notwithstanding any appeal of that order or decision.... *The employer or insurer may recover from an employee payments made pending appeal to the Appellate Division or pending report or appeal to the Law Court if and to the extent that the Appellate Division or the Law Court has decided that the employee was not entitled to the compensation paid.* The commission shall have full jurisdiction to determine the amount of overpayment, if any, and the amount and schedule of repayment, if any. The commission, in determining whether or not repayment should be made and the extent and schedule of repayment, shall consider the financial situation of the employee and his family and shall not order repayment which would work hardship or injustice.

39 M.R.S.A. § 104–A (1989) (emphasis added).[1]

---

1. Former section 104–A has been repealed and replaced by 39–A M.R.S.A. § 324 (Supp.1994). Because the proceeding involves a petition that was pending on the effective date of the new Act, this appeal is governed exclusively by former

■ Crest contends that the phrase "pending appeal" creates an ambiguity as to whether an employer may recoup an overpayment made during the pendency of a motion for findings of fact. We do not agree. As a matter of common usage, the phrase "pending appeal" refers to a period that commences with the filing of a notice of appeal and ends with a resolution of that appeal. We note that section 103–B, which governs appeals to the Appellate Division, provides that "[a]n appeal shall be taken from the commission decision by filing a copy of the decision, order or agreement, with the division within 20 days after receipt of notice of the filing of the decision by the commissioner." 39 M.R.S.A. § 103–B(1) (1989). Therefore, pursuant to section 103–B, the appeal period did not commence until the filing of the decision with the Appellate Division.

■ Because the statutory language is unambiguous, we need not examine its legislative history to discover legislative intent. *See Estate of Stone v. Hanson*, 621 A.2d 852, 853 (Me.1993). We note, however, that an examination of the legislative history does not suggest a different result in this case. All that can be gleaned from the legislative history is a general intent to enable employers to recoup overpayments made during the pendency of an appeal. *See* L.D. 799, Statement of Fact (110th Legis.1981). We find nothing in the legislative history to suggest that, contrary to customary usage, the appeal period should be treated as commencing with a motion for findings of fact.

Crest argues that the Legislature must have intended the phrase "pending appeal" to include the pendency of a motion for findings of fact because, although a motion for findings is not required prior to appeal, failure to make such a motion may result in a weaker standard of review, and therefore, as a practical matter, the filing of a motion is a necessary step in the appeal process. *See Gallant v. Boise Cascade Paper Group*, 427 A.2d 976, 977 (Me.1981). If the Legislature intended to enable employers to recoup overpayments made during the pendency of a motion for findings of fact, it could have easily drafted the statute to say so. Fur-

thermore, we are not prepared to conclude that the omission was an oversight. The notice of appeal is the first positive indication that a party intends to appeal. The Legislature may have believed that an employee who is dependent on compensation benefits for survival, should not be placed in jeopardy of having to later repay those benefits until the employee receives positive notice that the employer intends to appeal the award. The Legislature may well have not contemplated a four-year delay in response to a request for findings of fact.

■ The parties concede that a four-year delay in responding to a motion for findings is unusual and excessive. It is not our role to speculate how the Legislature might have worded section 104–A if it had foreseen the possibility that a ruling on a motion for findings of fact might be delayed for four years. Our role is to apply the statute as written. There is nothing in the record to explain the excessive delay in this case and there is no indication that Crest and its insurers took any affirmative steps to obtain a speedier ruling on their motions. As we said in *Coty v. Town of Millinocket*, 444 A.2d 355, 359 (Me.1982), the party filing a motion for findings of fact bears some of the burden to ensure a timely response from the Commission:

> [T]he ultimate responsibility rests upon the requesting party to assure that some type of action on the § 99 request is taken so that an adequate record is developed for a reviewing court to ascertain whether the Commissioner's failure to make findings is wrongful. Inasmuch as a party must request findings in order to give rise to the Commissioner's statutory duty to make findings, he also bears the continuing obligation to follow through on this request by submitting proposed findings when so ordered by the Commissioner and by assuring that some positive action is taken with respect to the request for findings. A number of options are available to the party in this respect. For example, ... upon the expiration of a reasonable period within which the Commissioner could ren-

der findings, a party could seek a ruling from the Commissioner as to the basis for his noncompliance with the request for findings.

■ Decisions of the Commission and Appellate Division interpreting the Workers' Compensation Act are "entitled to great deference and will be upheld on appeal unless the statute plainly compels a different result." *Nielsen v. Burnham & Morrill, Inc.*, 600 A.2d 1111, 1112 (Me.1991). Because "[n]either the language nor the purpose of the statute requires us to vacate the Commission's decision," we affirm. *Id.*

The entry is:

Decision of the Appellate Division affirmed.

ROBERTS, GLASSMAN, CLIFFORD and DANA, JJ., concurring.

LIPEZ, Justice, with whom WATHEN, C.J., joins, dissenting.

I respectfully dissent. This case illustrates once again that hard cases make bad law. The dictionary defines the word pending as "awaiting action, confirmation, or decision." *Webster's II New Riverside University Dictionary* 868 (1984); *see also Webster's New World Dictionary* 1079 (1952) ("to await judgment or decision"); *Black's Law Dictionary* 785 (6th ed. 1991) ("Begun, but not yet completed; during; before the conclusion of; prior to the completion of"). Resort to any dictionary establishes, at a minimum, an ambiguity.

There is also a significant difference in meaning between the phrase "pending appeal" as used in 39 M.R.S.A. § 104–A(1) and the phrase "appeal pending" which does not appear in the statute. In terms of plain meaning, the former phrase would most often mean prior to the filing of an appeal, and the latter phrase would refer to the time period after an appeal was filed. Therefore, the language used in § 104–A(1) actually lends more support to the view that the statutory provision relating to the recovery of payments includes the period prior to the filing of an appeal.

The language of a companion section adds to the uncertainty about the meaning of the phrase "pending appeal" in § 104–A(1). In 39 M.R.S.A. § 99 this language appears:

During the pendency of an appeal, [clerical] mistakes may be so corrected before the appeal is docketed in the division or Supreme Court and thereafter while the appeal is pending may be so corrected with leave of the division or Supreme Judicial Court.

Here the Legislature is using the phrase "pendency of an appeal" to include the period "before the appeal is docketed," and the phrase "while the appeal is pending" to describe the period after an appeal has been docketed. Although the phrase "pending appeal" is susceptible to the interpretation adopted by the court, the inherent ambiguity of the phrase and the contrary meaning suggested by section 99 all point to an inescapable ambiguity in that phrase as it is used in Section 104–A(1).

Given this ambiguity and the absence of any meaningful legislative history, I would construe the statute in light of its purpose. Appellants argue correctly that the motion for findings of fact should be viewed as an integral part of the appellate process. Such findings are requested in order to enhance appellate review of an agency or trial court decision. Given the circumstances that led to the adoption of the provision of section 104–A(1) at issue here, I conclude that the section reflects a clear legislative intent that, as between the employee and the employer, the employee should bear the burden of restoring benefits that are erroneously paid during the pendency of an appeal, including the period during the pendency of a motion for findings of fact.

It is also clear that the Legislature sought to provide some protection to employees who are required to restore overpayments made pending appeal. Section 104–A grants the Commission the authority to deny recovery of overpayments if it would result in hardship or injustice to the employee. Any hardship produced by the inordinate delay involved in this case should be addressed by the Commission pursuant to its authority under section 104–A. In short, there is no

reason for this Court to ignore a definitional ambiguity by resorting to an undocumented common usage.