Peter CURTIS

v.

NATIONAL SEA PRODUCTS and
Liberty Mutual Insurance Co.

Norma THOMPSON

v.

ETONIC, INC. and Liberty
Mutual Insurance Co.

Supreme Judicial Court of Maine.

Argued Feb. 27, 1995.

Decided April 7, 1995.

Justin W. Leary (orally), Laskoff & Sharon, Lewiston, for employees.

Thomas E. Getchell (orally), Kevin Anderson, Richardson & Troubh, Portland, for employers.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, and LIPEZ, JJ.

WATHEN, Chief Justice.

The employees, Peter Curtis and Norma Thompson, appeal from decisions of the Workers' Compensation Board denying their petitions for commutation of benefits and holding that, pursuant to 39–A M.R.S.A. § 352 (Supp.1994), they are not entitled to a commutation of benefits without the consent of the insurer. Finding no error, we affirm.

Both employees in this consolidated appeal suffered work injuries in 1981 and filed petitions for lump-sum settlement in 1993 pursuant to section 71-A of former Title 39. *See* 39 M.R.S.A. § 71–A (1989), *repealed and replaced by* P.L.1991, ch. 885, § A–10 (effective January 1, 1993), codified as 39–A M.R.S.A. § 352 (Supp.1994). The Board denied the petitions holding that the issue was governed exclusively by the new Act, 39–A M.R.S.A. § 352, and that, pursuant to that provision, the employees were not entitled to a lump-sum commutation of benefits without the insurer's consent. We granted appellate review pursuant to 39–A M.R.S.A. § 322 (Supp. 1993) and consolidated the cases on appeal.[1]

Title 39–A M.R.S.A. § 352 provides, in *pertinent part:*

---

1. Initially we stayed their petitions pending our decision in *Riley v. Bath Iron Works,* 639 A.2d 626, 627 (Me.1994). In *Riley,* we held that petitions for lump-sum benefits pending on the effective date of Title 39–A are governed by former section 71–A. *Id.* Because the petitions for commutation of benefits in the present cases were filed after January 1, 1993, the effective date of Title 39–A, they were therefore not resolved by the *Riley* decision.

**1. Agreement.** *An insurer, self-insurer or self-insured group and an employer and employee* may by agreement discharge any liability for compensation, in whole or in part, by the employer's payment of an amount to the employee if:

    A. The insurer, the employer, the employee or the employee's dependents petition the board for an order commuting all payments for future benefits to a lump sum;

. . . .

    C. The provisions of this section have been met and the agreement has been approved by the board.

. . . .

**5. Approval.** The board may not approve any lump sum settlement unless there is an agreement pursuant to subsection 1 or, in the event *the employer* refuses to agree to the settlement, the board has reviewed the proposed agreement and finds it to be in the best interest of the parties, and unless:

    A. The employee has fully participated in the review process, except in circumstances amounting to good cause;

    B. The board finds the settlement to be in the employee's best interest in light of the factors reviewed with the employee under subsection 3; and

    C. In the case of a lump sum settlement that requires the release of an employer's liability for future medical expenses of the employee, the board finds that the parties would be unlikely to reach an agreement on the amount of the lump sum payment without the release of liability for future medical expenses.

39–A M.R.S.A. § 352 (Supp.1993) (emphasis added).[2]

    ■ Pursuant to the plain language of section 352, employees are not entitled to a

forced commutation of benefits without their insurer's consent. Subsection 5 permits the Board to approve a commutation in two situations: (1) if there is an agreement pursuant to subsection 1, or (2) "in the event *the employer* refuses to agree to the settlement, the board has reviewed the proposed *agreement* and finds it to be in the best interest of the parties." 39–A M.R.S.A. § 352(5) (emphasis added). Both subsections 1 and 5 contemplate an "agreement." Subsection 5, however, makes clear that the Board may order a commutation of benefits over the objection of the employer, but not against the objection of the insurer.

The employees contend that the word "employer" in subsection 5 must be interpreted with reference to subsection 102(12), which defines the term "employer" to include "the insurer, self-insurer or group self-insurer unless the contrary intent is apparent from the context or is inconsistent with the purposes of this Act." 39–A M.R.S.A. 102(12) (Supp. 1994). We find this argument unpersuasive. Subsection 1 contemplates a three-way agreement and plainly uses the term "insurer" to distinguish the insurer as a separate entity from the employer. In the context of section 352, the word "employer" was not intended to include the insurer.

Our interpretation is also consistent with the legislative history. Former 39 M.R.S.A. § 71–A (1989) provided, in pertinent part:

    **1. Commutation.** Subject to the limitations of this section, *an employer and employee* may by agreement discharge any liability for compensation, in whole or in part, by the employer's payment of an amount to be approved by the commission. The employer, the employee or the employee's dependents may petition the commission for an order commuting all payments for future benefits to a lump sum.

. . . .

---

**2.** The employees correctly concede that the issue in this appeal is governed by the new Act, 39–A M.R.S.A. § 352 (Supp.1994). P.L.1991, ch. 885, § A–10 (effective January 1, 1993). The statement of legislative intent provides that "[s]o as not to alter benefits for injuries incurred before January 1, 1993, for matters in which the injury occurred prior to that date, all provisions of this

Act apply, except that ... Title 39–A, sections 211, 212, 213, 214, 215, 221, 306, and 325 do not apply." Section 352 is not a provision expressly listed as not applicable to preexisting injuries and should therefore be applied to this appeal. *Morgan–Leland v. Univ. of Maine,* 632 A.2d 748 (Me.1993).

3. **Approval.** A commissioner may not approve any lump sum settlement unless he finds the settlement to be in the employee's best interest. . . .

39 M.R.S.A. § 71–A (1989) (emphasis added). The legislative purpose in enacting section 352 was to "substantially reenact[ ] Title 39, section 71–A on lump sum settlements and *add[ ] the requirement that a lump sum may not be approved unless the employer, the employee and the insurer, self-insurer or self-insured group agree on the settlement. . . .*" L.D. 2464, Statement of Fact (115th Legis.1991) (emphasis added). This statement of legislative purpose makes clear that employers and insurers are to be considered separate entities for purposes of approving lump sum benefit agreements pursuant to section 352.

The employees contend further that in subsection 5(C) the word "employer" includes the insurer and therefore the word "employer" must also include the insurer in the opening paragraph of subsection 5. 39–A M.R.S.A. § 352(5)(C) (Supp.1993). This argument is also unpersuasive. Subsection 5(C) was derived from former section 71–A(3), that provided that "a commissioner may not approve a lump sum settlement which requires the release of an employer's liability for future medical expenses of the employee unless the parties would be unlikely to reach agreement on the amount of the lump sum settlement without the release of liability for future medical expenses." 39 M.R.S.A. § 71–A(3) (1989). The legislative history suggests that the primary purpose of this provision was to prevent employees from agreeing to relinquish future medical compensation, except in those rare circumstances when the agreement is in the employee's best interest and the relinquishment of rights is necessary for an existing settlement agreement to go forward.[3] Therefore, in the context of former section 71–A(3), the word "parties" refers to the parties to an existing "agreement," i.e., the employer and employee. Similarly, in the context of section 352(5)(C), the word "parties" refers to the insurer and the employee who have already reached an "agreement," but would be unlikely to have agreed without the release of liability for medical expenses. Given this legislative purpose, we are not persuaded that the use of the word "employer" in subsection 5(C) alters the plain meaning of the opening paragraph of subsection 5 which allows a commutation only when there is an agreement between the insurer and employee.

█ Decisions of the Board interpreting the Workers' Compensation Act are "entitled to great deference and will be upheld on appeal unless the statute plainly compels a different result." *Nielsen v. Burnham & Morrill, Inc.,* 600 A.2d 1111, 1112 (Me.1991). Because we agree that, pursuant to 39–A M.R.S.A. § 352 (Supp.1994), employees are not entitled to a commutation of benefits without the consent of the workers' compensation insurer, we affirm the decisions of the Board.

The entry is:

Decisions of the Workers' Compensation Board affirmed.

All concurring.

---

**3.** The stated purpose of subsection 71–A(3) was to

discourage[ ] lump sum settlements that would extinguish an employer's obligations to pay the injured employee's future medical expenses. The new draft does recognize that in a limited number of cases the release of an employee's rights regarding medical expenses may actually be in the employee's best interests, particularly if the employer or insurer will not agree to the settlement without the release. It is expected however, that commissioners will strongly discourage the release of medical expenses in most cases.

L.D.1929, Statement of Fact (113th Legis.1987).