1997 ME 84

**Donald A. DeRICE**

v.

**S.D. WARREN CO.**

**Deborah HOWARD**

v.

**PRATT & WHITNEY.**

Supreme Judicial Court of Maine.

Argued March 3, 1997.

Decided April 29, 1997.

James J. MacAdam (orally), McTeague, Higbee, MacAdam, Case, Watson & Cohen, Topsham, for Donald DeRice.

Arthur H. Dumas, Sanford, for Deborah Howard.

Thomas E. Getchell and Michael Richards (orally), Trough, Heisler & Piampiano, P.A., Portland, for employers.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

■ [¶ 1] The employers in this consolidated case appeal from decisions of the Workers' Compensation Board granting the employees' motions for attorney fees. Both cases involve an injury that occurred before 1993. In both cases, petitions for relief were

filed and submitted to mediation after the effective date of title 39–A. *Maine Workers' Compensation Act of 1992*, P.L.1991, ch. 885 (effective January 1, 1993). The employers in both cases were represented by counsel at the mediation session. The Board granted the employees' motions for fees and the parties have conceded that a portion of those fees were for services rendered prior to mediation. The employers contend on appeal that employees with pre–1993 injuries are not entitled to fees for services rendered prior to mediation. 39–A M.R.S.A. § 325(5) (Supp.1996). Because we conclude that the Legislature did not intend to substantially alter an employee's entitlement to employer-paid attorney fees for injuries that pre-date the enactment of title 39–A, we affirm the decisions of the Board awarding fees.

[¶ 2] Under prior law, employers were generally responsible for the cost of counsel for an employee. Title 39–A does not require employers to pay employee's counsel fees in connection with injuries occurring after January 1, 1993. 39–A M.R.S.A. § 325(1) (Supp.1996). With respect to injuries occurring before that date, subsection 325(5) provides as follows:

> In cases in which the injury to the employee occurred prior to January 1, 1993, the amount of the attorney's fees is determined by the law in effect at the date of the injury and is payable by the employer. If the employee attended a mediation pursuant to section 313 after January 1, 1993 and was represented by an attorney, the attorney's fees may include compensation from the date of the mediation session.

39–A M.R.S.A. § 325(5).

[¶ 3] The statement of legislative intent for title 39–A provides that "[s]o as not to alter benefits for injuries incurred before January 1, 1993, for matters in which the injury occurred prior to that date, all the provisions of this Act apply, except that ... Title 39–A, sections 211, 212, 213, 214, 215,

221, 306, and 325 do not apply." P.L.1991, ch. 885, § A–10. Section 325 is expressly listed as prospective in application and therefore does not apply retroactively to either employee's date of injury. *Dumond v. Aroostook Van Lines*, 670 A.2d 939, 941 n. 1 (Me.1996); *Marchand v. Eastern Welding Co.*, 641 A.2d 190, 191, n. 1 (Me.1994). The parties agree that the employees' entitlement to attorney's fees is governed by former 39 M.R.S.A. § 110, that provides, in pertinent part:

> The employer may not be assessed costs of an attorney's fee attributable to services rendered prior to one week after the informal conference under section 94–B or, if the informal conference is waived, services rendered prior to the date of that waiver, unless a party adverse to the employee was so represented at that stage.

39 M.R.S.A. § 110 (1989), repealed by *Maine Workers' Compensation Act of 1992*, P.L. 1991, ch. 885, § A–7 (effective January 1, 1993).[1] The former informal conference procedure was repealed by title 39–A and replaced with mandatory mediation. 39–A M.R.S.A. § 313 (Supp.1996).

[¶ 4] Applying former section 110, the Board concluded that because mediation replaced the former informal conference, and because the employers were represented by counsel at the mediations, the employers are required to pay fees for the period prior to mediation. The Board, in effect, substituted the word "mediation" for the phrase "informal conference" as it appears in section 110. The employers contend that the Board's interpretation is inconsistent with the plain meaning of the statute and that the terms "mediation" and "informal conference" are sufficiently distinct, in name, purpose, and practice, to preclude the Board's transposition of the phrases in the statute. The employers contend further that the proviso in subsection 325(5) that, in cases involving pre–

---

1. Former section 94–B, governing informal conferences, provided, in pertinent part:

   If at (the informal conference) the employer or insurer elects to be represented by legal counsel, the employee is entitled to be similarly represented by legal counsel of his choice, with all reasonable attorney fees to be assessed against the employer. If no adverse party elects to be so represented, the employee retains the right to secure legal counsel at his own expense.

   39 M.R.S.A. § 94–B (1989), repealed by *Maine Workers' Compensation Act of 1992*, P.L.1991, ch. 885, § A–7 (effective January 1, 1993).

1993 injuries, attorneys may be compensated "from the date of the mediation session," is intended to preclude the payment of fees for services rendered prior to the date of mediation. 39–A M.R.S.A. 325(5).

[¶ 5] We give deference to decisions of the Board interpreting the Act and we will not vacate that decision unless the language or the purpose of the Act plainly compels us to do so. *Burbank v. H.D. Goodall Hosp.,* 656 A.2d 1209, 1211 (Me.1995); *Nielsen v. Burnham & Morrill, Inc.,* 600 A.2d 1111, 1112 (Me.1991). We conclude that the Board's interpretation of the statutory language in this case is most consistent with the legislative intent not to alter the entitlement to attorney fees for employees with pre–1993 injuries. P.L.1991, ch. 885, § A–10; L.D. 2464, Statement of Fact (115th Legis.1991); Legis.Rec. H–56–57 (115th Legis. 3rd Spec. Sess.1992). The informal conference procedure was initially enacted in 1983 as part of the "early pay system." P.L.1983, ch. 479. The purpose of the early pay system was to encourage informal resolution of claims without the involvement of attorneys. *Stickles v. United Parcel Serv.,* 554 A.2d 1176, 1179 (Me.1989). The early pay system also contained safeguards to protect employees who are encouraged by the Act to forego legal counsel. *Wentworth v. Manpower Temp. Servs.,* 589 A.2d 934, 938 (Me.1991). One of those safeguards was the rule of former section 110 requiring the payment of pre-conference fees in cases in which the employer is represented at the conference by counsel. L.D. 1322, Statement of Fact (111th Legis.1983). The clear purpose of the rule was to encourage the parties to get together informally without lawyers to enter into an informal, non-binding discussion of the issues, and to equalize the playing field between employee and employer when the employer elects to be represented by counsel.

[¶ 6] Mediation, although not identical in all respects to the former informal conference, performs the same general purpose of encouraging early resolution of claims. *Bureau v. Staffing Network, Inc.,* 678 A.2d 583, 590 (Me.1996) (mediation is intended to "replace litigation whenever possible"). Like the informal conference, mediation is triggered by "the filing of a notice of controversy or other indication of controversy." 39–A M.R.S.A. § 313(1); 39 M.R.S.A. § 94–B(1). Unlike the informal conference, mediation is mandatory and an agreement reached at mediation is binding on the parties. *Id.* Although the early pay system was repealed with title 39, we discern no evidence of a legislative intent to alter the balance between employers and employees established by the former Act regarding attorney fees for cases involving pre–1993 injuries. The Legislature, cognizant of the differences between mediation and informal conferences, enacted section 325(5) to trigger the deferral of the obligation to pay fees from "the date of mediation," instead of "one week after informal conference" as required pursuant to former section 110, in cases in which the employer is not represented by counsel at the mediation.

The entry is:

Decisions of the Workers' Compensation Board affirmed.

