1998 ME 119

### Daniel L. PARKER

v.

### WALTER F. NEWELL CONSTR. and Hanover of Maine.

Supreme Judicial Court of Maine.

Argued April 8, 1998.
Decided May 26, 1998.

Sheldon Tepler (orally), Stephen Kottler, Thomas R. Downing, Hardy Wolf & Downing, P.A., Lewiston, for employee.

Thomas Getchell (orally), Ann Brandt–Meyer, Troubh, Heisler & Piampiano, P.A., Portland, for employer.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

LIPEZ, Justice.

[¶ 1] The employer, Walter F. Newell Construction, appeals from a decision of the Workers' Compensation Board granting the employee's motion for attorney fees and awarding $1,100 in employer-paid fees relating, in part, to services rendered prior to mediation. The Board concluded that, although the employer's attorney did not attend the mediation, the employer had been represented by counsel prior to the mediation, and therefore the employee was entitled to employer-paid attorney fees for pre-mediation services pursuant to 39–A M.R.S.A. § 325(5) (Supp.1997) and 39 M.R.S.A. § 110(2) (1989), *repealed by Maine Workers' Compensation Act of 1992*, P.L.1991, ch. 885, § A–7. We affirm.

[¶ 2] The employee, Daniel L. Parker, suffered a work-related injury on March 17, 1992, while employed by Newell. Parker filed a petition with the Board in 1994 seeking reimbursement for medical treatment. Newell retained counsel and filed an answer to the petition. Newell's counsel did not attend the mediation.[1] The Board ultimately granted Parker's petition and awarded $1,100 in attorney fees and disbursements. Newell filed a petition for appellate review challenging the award of fees and we granted review pursuant to 39–A M.R.S.A. § 322 (Supp. 1997).

[¶ 3] Subsection 325(5) provides:

Attorney fees in cases in which the injury occurred prior to January 1, 1993. In cases in which the injury to the employee occurred prior to January 1, 1993, the amount of the attorney's fees is determined by the law in effect at the date of the injury and is payable by the employer. If the employee attended a mediation pursuant to section 313 after January 1, 1993 and was represented by an attorney, the attorney's fees may include compensation from the date of the mediation session.

39–A M.R.S.A. § 325(5). At the time of Parker's injury in 1992, former 39 M.R.S.A. § 110 provided, in pertinent part:

The employer may not be assessed costs of an attorney's fee attributable to services rendered prior to one week after the informal conference under section 94–B or, if the informal conference is waived, services rendered prior to the date of that waiver, *unless a party adverse to the employee was so represented at that stage.*

39 M.R.S.A. § 110(2), *repealed by* P.L.1991, ch. 885, § A–7 (emphasis added). Applying section 325(5) and former section 110(2), the Board concluded that Newell was responsible for Parker's pre-mediation attorney fees because it had sought the advice of counsel prior to mediation.

[¶ 4] Because the Board is the administrative body entrusted by the Legislature to interpret and apply the Act, we defer to Board interpretations of the Act "unless the statute plainly compels a different result." *Nielsen v. Burnham & Morrill, Inc.*, 600 A.2d 1111, 1112 (Me.1991). The sole issue on appeal is whether, pursuant to 39–A M.R.S.A. § 325(5) and former 39 M.R.S.A. § 110(2), *repealed by* P.L.1991, ch. 885, § A–7, an employer may be required to pay an employee's pre-mediation attorney fees when it retains counsel prior to mediation, but the employer's counsel does not attend the mediation. We conclude that the Board's interpretation in this case is consistent with the plain language of former section 110. Section 110 provides that pre-informal conference fees are available if an employer was represented "at that stage." *Id.* The phrase

---

1. An adjuster for Hanover Insurance Company appeared at the mediation on behalf of Newell.

"at that stage" is sufficiently broad to include the period prior to the mediation.

[¶ 5] Moreover, former section 94–B, governing informal conferences, provides:

> 3. **Representation.** *In preparation for and at the [informal] conference,* the commission shall assure that competent technical staff from the Office of Employee Assistants is available to provide advice and assistance to the employee.
>
> If *at this stage* the employer or insurer elects to be represented by legal counsel, the employee is entitled to be similarly represented by legal counsel of his choice, with all reasonable attorney fees to be assessed against the employer. If no adverse party elects to be so represented, the employee retains the right to secure legal counsel at his own expense.

39 M.R.S.A. § 94–B(3) (Supp.1992), *repealed by* P.L.1991, ch. 885, § A–7 (emphasis added). The first paragraph of 94–B(3) discusses the entitlement of the employee to seek assistance from the Office of Employee Assistants *"[i]n preparation for"* the conference. *Id.* (emphasis added). The phrase "at this stage" in the second paragraph, dealing with attorney fees, includes "preparation for" the informal conference.

[¶ 6] Contrary to Newell's suggestion, the Board's interpretation is not inconsistent with our decision in *DeRice v. S.D. Warren Co.,* 1997 ME 84, ¶¶ 5–6, 694 A.2d 450, 452. In *DeRice,* we addressed the application of former section 110 to proceedings arising after the enactment of title 39–A when the informal conference was replaced with mediation. *Id.* We concluded that, because the Legislature did not intend to significantly alter[2] employees' entitlement to employer-paid fees in cases involving pre–1993 injuries, and mediation is essentially equivalent to the former informal conference procedure, the term "mediation" may be substituted for the phrase "informal conference" for purposes of applying former 39 M.R.S.A. § 110 to proceedings after 1993. *Id.* Notwithstanding our discussion of attorney representation "at the mediation," *id.,* we did not address the more specific issue raised in this appeal: whether an employer may be required to pay an employee's pre-mediation attorney fees when the employer is represented prior to mediation, but employer's counsel does not attend the mediation.

[¶ 7] We also do not agree with Newell's contention that the Board's interpretation is inconsistent with the purpose of the statute. As we stated in *DeRice,* the purpose of the fee procedure in the mediation/informal conference setting is "to encourage the parties to get together informally without lawyers to enter into an informal, non-binding discussion of the issues, and to equalize the playing field between employee and employer when the employer elects to be represented by counsel." 1997 ME 84, ¶ 5, 694 A.2d at 452. The Board could rationally have concluded in this case that an employer who obtains the advice of counsel prior to mediation has an unfair advantage over an employee who is unrepresented at the mediation, regardless of whether the employer's counsel actually attends the mediation. The Board's interpretation could therefore be viewed as serving the purpose of encouraging discussion of issues without the assistance of counsel and of encouraging a more even playing field between employer and employee.

The entry is:

Decision of the Workers' Compensation Board affirmed.

---

2. If anything, subsection 325(5) expands the entitlement of employees to employer-paid attorney fees in cases involving pre–1993 injuries, by "trigger[ing] the deferral of the obligation to pay fees from 'the date of mediation,' instead of 'one week after informal conference' as required pursuant to former section 110, in cases in which the employer is not represented by counsel at the mediation." *DeRice,* 1997 ME 84, ¶ 5, 694 A.2d at 452.