2004 ME 83

**Francis J. ARSENAULT**

v.

**J.A. THURSTON CO. et al.**

Supreme Judicial Court of Maine.

Argued: April 14, 2004.

Decided: July 2, 2004.

Lloyd N. Martin, Esq. (orally), Robert A. Laskoff, Esq., Laskoff & Associates, Lewiston, for employee.

Ronald A. Ducharme, Esq. (orally), Wheeler & Arey, P.A., Waterville, for One-Beacon Ins. Group.

Evan M. Hansen, Esq. (orally), William C. Moorhouse, Esq., Preti Flaherty Beliveau Pachios & Haley, LLC, Portland, for Forest Products Group/Dunlap HRH.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

RUDMAN, J.

[¶ 1] J.A. Thurston Co., a self-insured employer, appeals from decisions of a hearing officer of the Workers' Compensation Board (*Goodnough, HO*) approving a lump sum settlement between Francis J. Arsenault and an insurer responsible for a prior injury to Arsenault and dismissing the self-insured employer's petition for apportionment. Because the motion for approval of a lump sum settlement and the petition for apportionment were both pending before the hearing officer at the same time, we conclude that the hearing officer exceeded the bounds of his discretion when he approved a lump sum settlement prior to determining an apportionment.

## I. BACKGROUND

[¶ 2] Francis J. Arsenault suffered three work-related injuries while employed by Thurston. Thurston was insured by One-Beacon Insurance Company (formerly

Commercial Union Insurance Company) at the time of the first injury in 1991. Thurston was self-insured at the time of the second and third injuries in 1997 and 1998. In 1998, the insurer and self-insured employer stipulated to a 50/50 apportionment of responsibility for the first two injuries, but no agreement was reached with respect to the 1998 injury.

[¶ 3] After his 1998 injury, Arsenault returned to his employment at his pre-injury wage. Arsenault was laid off for economic reasons in 2000, and Thurston went out of business in 2001. In July 2002, a hearing officer granted the employee's petition for review related to the 1998 left wrist injury, and ordered ongoing partial incapacity benefits of $147.12 a week to be paid by Thurston.

[¶ 4] In November 2003, Thurston filed a petition for apportionment, seeking to apportion liability with OneBeacon. Shortly thereafter, Arsenault and OneBeacon sought approval of a proposed settlement, settling all of OneBeacon's liability for the 1991 injury for a lump sum of $10,000. Thurston objected to the settlement. Meanwhile, OneBeacon moved to dismiss the petition for apportionment, in light of the lump sum settlement.

[¶ 5] All parties participated in a settlement hearing. It was disclosed at the hearing that the settlement was contingent on the hearing officer's dismissal of the petition for apportionment. Concluding that Thurston did not have standing to object, the hearing officer approved the settlement and simultaneously dismissed Thurston's petition for apportionment. We granted Thurston's petition for appellate review pursuant to 39–A M.R.S.A. § 322 (2001).

## II. ANALYSIS

### A. Standing To Object To Settlement

[¶ 6] Thurston first contends that the hearing officer erred in granting the motion for commutation of settlement over its objection. Title 39–A M.R.S.A. § 352 provides, in pertinent part:

1. Agreement. An insurer, self-insurer or self-insured group and an employer and employee may by agreement discharge any liability for compensation, in whole or in part, by the employer's payment of an amount to the employee if:

A. The insurer, the employer, the employee or the employee's dependents petition the board for an order commuting all payments for future benefits to a lump sum;

. . . .

C. The provisions of this section have been met and the agreement has been approved by the board.

. . . .

5. Approval. The board may not approve any lump-sum settlement unless there is an agreement pursuant to subsection 1 or, in the event the employer refuses to agree to the settlement, the board has reviewed the proposed agreement and finds it to be in the best interests of the parties, and unless:

A. The employee has fully participated in the review process, except in circumstances amounting to good cause;

B. The board finds the settlement to be in the employee's best interest in light of the factors reviewed with the employee under subsection 3; and

C. In the case of a lump-sum settlement that requires the release of an employer's liability for future medical expenses of the employee, the board finds that the parties would be unlikely to reach agreement on the amount of the lump-sum payment without the

release of liability for future medical expenses.

39–A M.R.S.A. § 352 (2001).

[¶ 7] The key case interpreting section 352 is *Curtis v. National Sea Products,* 657 A.2d 320 (Me.1995). In *Curtis,* the hearing officers in the consolidated case concluded that, pursuant to section 352, employees could not force a lump sum settlement on an unwilling insurer, but an employee and insurer could enter into a settlement over the objection of the employer. *Id.* at 321. We affirmed, concluding that, pursuant to the plain language of section 352, subsection 5 permits a hearing officer "to approve a commutation in two situations: (1) if there is an agreement pursuant to subsection 1, or (2) 'in the event *the employer* refuses to agree to the settlement, the board has reviewed the proposed *agreement* and finds it to be in the best interest of the parties.'" *Id.* (quoting 39–A M.R.S.A. § 352(5)) (alterations in original). As we stated: "[S]ubsections 1 and 5 contemplate an 'agreement.' Subsection 5 makes clear that the Board may order a commutation of benefits over the objection of the employer, but not against the objection of the insurer." *Id.* Our strict interpretation of section 352 in *Curtis* controls the present case. The term "insurer," as used in section 352, refers to the insurer that is a party to the settlement agreement, and not to nonsettling insurers or employers who may arguably be affected by the settlement agreement.

**B. The Petition For Apportionment**

[¶ 8] Although the hearing officer was correct in concluding that Thurston lacked standing to object to the settlement, we conclude that the hearing officer exceeded the bounds of his discretion by approving the settlement prior to first determining an apportionment between the parties.[1] The apportionment statute provides:

1. Applicability. When 2 or more occupational injuries occur, during either a single employment or successive employments, that combine to produce a single incapacitating condition and more than one insurer is responsible for that condition, liability is governed by this section.

2. Liability to employee. If an employee has sustained more than one injury while employed by different employers, or if an employee has sustained more than one injury while employed by the same employer and that employer was insured by one insurer when the first injury occurred and insured by another insurer when the subsequent injury or injuries occurred, the insurer providing coverage at the time of the last injury shall initially be responsible to the employee for all benefits payable under this Act.

3. Subrogation. Any insurer determined to be liable for benefits under subsection 2 must be subrogated to the employee's rights under this Act for all benefits the insurer has paid and for which another insurer may be liable. Apportionment decisions made under this subsection may not affect an employee's rights and benefits under this Act. The board has jurisdiction over proceedings to determine the apportion-

---

1. Title 39–A M.R.S.A. § 322 (2001) provides the statutory basis for an appeal from a hearing officer decision. Although 39–A M.R.S.A. § 321 (2001) provides a method for the annulment of an approved lump sum settlement agreement under certain limited and narrowly proscribed circumstances, we have held that the initial decision to approve a lump sum settlement may be appealed in the same manner as any hearing officer's decision. *See Wilner Wood Prods. Co. v. Moyse,* 466 A.2d 1257, 1261 (Me.1983).

ment of liability among responsible insurers.

4. Consolidation. The board may consolidate some or all proceedings arising out of multiple injuries.

39–A M.R.S.A. § 354 (2001).

[¶ 9] Pursuant to section 354, the most recent insurer in a multiple injury case is initially responsible for all benefits, but may seek reimbursement from a previous insurer pursuant to an apportionment. *See Hincks v. Robert Mitchell Co.*, 1999 ME 172, ¶ 6, 740 A.2d 992, 994. This statutory scheme was designed to encourage prompt payment of benefits, while still providing the most recent payor with the potential ability to recover a portion of those payments from other responsible employers and insurers. *See Robbins v. Bates Fabrics, Inc.*, 412 A.2d 374, 378 (Me. 1980). As the hearing officer stated, the right to apportion against a previous insurer is limited to a right of subrogation; the most recent insurer has no right to reimbursement against a previous insurer, unless the employee has that right against the insurer. *See, e.g., Lamonica v. Ladd Holmes*, 1998 ME 190, ¶ 9, 718 A.2d 182, 184–85; *Kennedy v. Brunswick Convalescent Ctr.*, 584 A.2d 678, 680 (Me.1991).

[¶ 10] In the present case, the hearing officer was faced with two simultaneously pending petitions—a petition for apportionment and a motion for approval of a lump sum settlement. By approving the settlement first, the hearing officer deprived Thurston of the ability to recover a reimbursement from OneBeacon.

[¶ 11] We are aware that the settlement agreement between OneBeacon and the employee was contingent on the dismissal of the apportionment petition. It is likely, therefore, that there would have been either no settlement or a different settlement if the hearing officer had first determined the apportionment petition. Although we have recognized a legislative policy to encourage settlement of workers' compensation claims, *see, e.g., DeRice v. S.D. Warren Co.*, 1997 ME 84, ¶ 6, 694 A.2d 450, 452, settlements should not be entered into when the effect will be to render moot a pending petition for apportionment.

[¶ 12] Our decision today is limited to the narrow facts of this appeal, and should not be interpreted to require a hearing officer to delay approval of a settlement agreement in a case when a petition for apportionment has not yet been filed. When a petition for apportionment and a motion to approve a lump sum settlement are both pending before the hearing officer, we conclude that it is an abuse of discretion to approve the lump sum settlement prior to reaching a decision on the apportionment issue.

The entry is:

The decision of the hearing officer of the Workers' Compensation Board approving the lump sum settlement and dismissing the petition for apportionment is vacated. Remanded to the Workers' Compensation Board for further proceedings consistent with the opinion herein.