Glenwood LAMSON

v.

**CENTRAL MAINE POWER COMPANY.**

Supreme Judicial Court of Maine.

Argued June 13, 1988.
Decided Oct. 27, 1988.

Maurice A. Libner, Jonathan W. Reitman, Wayne W. Whitney (orally), McTeague, Higbee, Libner, Reitman, MacAdam & Case, Topsham, for plaintiff.

Warren E. Winslow, Jr. (orally), Andrea C. Najarian, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Augusta, for defendant.

Before WATHEN, GLASSMAN, SCOLNIK,* CLIFFORD, and HORNBY,

* Scolnik, J., sat at oral argument and participated in the initial conference but retired before this opinion was adopted.

JJ.

GLASSMAN, Justice.

Glenwood Lamson, a retired employee of the Central Maine Power Company (CMP), appeals the decision of the Appellate Division of the Maine Workers' Compensation Commission (Appellate Division) reversing the commissioner's decision, *inter alia,* affording Lamson the protection of the Workers' Compensation Act (Act). Because the Appellate Division incorrectly denied Lamson this protection, we vacate its decision and remand it to the Commission to enter its order affirming a portion of the commissioner's findings and decision and vacating the remainder of the findings and decision of the commissioner.

I

In May 1985 Lamson filed a "Petition for Award of Compensation–Occupational Disease Law", *seeking compensation for a hearing loss alleged to have been caused by exposure to industrial noise at his place of employment with CMP. In its answer, among other affirmative defenses, CMP controverted the claim on the ground that Lamson's hearing loss did not arise out of and in the course of Lamson's employment with CMP.

At the hearing on his petition, before either party presented any evidence, Lamson's attorney stated:

> Commissioner, just so we can make our position clear on this case. We aren't seeking any compensation for hearing loss right now because Mr. Lamson is right at the threshold....

> What we are seeking here is simply to get his hearing loss, which is fairly significant right now, established as a work-related injury in order to afford him protection in the future in the event that his hearing deteriorates. So we're not seeking any compensation right now. We feel that even though we acknowledge

that he does not reach the threshold test under Section 193, we still have the right to try to establish it as a work-related injury at the present time and that's all we're seeking to do here.

It is undisputed that Lamson was employed by CMP from 1955 until his retirement on December 1, 1984, and at the time of the hearing had not suffered any incapacity for work nor had he incurred any medical expenses on account of the claimed loss of hearing.

After a hearing, the commissioner found "that on December 1, 1984 Glenwood Lamson suffered bilateral hearing loss as a result of exposure to industrial noise at work. He has sustained a gradual injury to his ears arising out of and in the course of his employment. Because the extent of his hearing loss does not meet the levels set forth in Section 193(3)[1] he is not entitled to an award of compensation for that loss. He is, however, entitled to the protection of the Act."

CMP appealed. Based on its holding that Lamson had not "established any harm for which the Maine Workers' Compensation Act provides a remedy," the Appellate Division reversed the commissioner's decision and Lamson appeals.

II

We agree with Lamson's contention that the Appellate Division erroneously ignored the effect of the decision of the commissioner to allow Lamson to orally amend his petition.

Had Lamson and CMP reached an agreement that Lamson's hearing loss is work-related and filed a memorandum of that agreement with the Commission, the commissioner could have entered a protective decree based on such a memorandum, without the necessity of Lamson filing a petition for award. 39 M.R.S.A. § 94 (Pamph. 1987).[2] Since CMP did not agree that Lam-

---

1. 39 M.R.S.A. § 193(3) (Supp.1987) sets forth the rules applicable in determining eligibility for compensation for occupational deafness.

2. Section 94 provides in pertinent part:

> If following an injury which causes no incapacity for work the employer and the employee reach an agreement that the employee has received a personal injury arising out of and in the course of employment, a memorandum

son's hearing loss was work-related, Lamson had to file a petition for award in order to establish that fact. 39 M.R.S.A. § 96–A(1) (Pamph.1987).[3]

 Prefatory to the hearing on his petition, Lamson orally amended his petition for award, making clear that the sole relief he was seeking was to establish that his hearing loss was a work-related injury. Section 97 provides in pertinent part:

> The Commission or any commissioner may grant further time for filing an answer, and allow amendments to said petition or answer at any stage of the proceedings.

There is no requirement that the amendment be in writing. In the instant case, CMP did not seek any continuance of the hearing nor does it point to any prejudice to it by reason of Lamson's oral amendment of his petition.

 After a hearing, the commissioner found, *inter alia*, that Lamson's loss of hearing is a work-related injury. Our review, like that of the Commission, is limited to a determination that the commissioner's " 'factual findings are supported by competent evidence that [the] decision involved no misconception of applicable law and that the application of the law to the facts was neither arbitrary nor without rational foundation.' " *Pomerleau v. United Parcel Service*, 464 A.2d 206, 209 (Me.1983) (quoting *Comeau v. Maine Coastal Services*, 449 A.2d 362, 368 (Me.1982)). Here, the record clearly supports the commissioner's finding. Lamson is, therefore, entitled to the res judicata consequences of the decision by the commissioner that on December 1, 1984 he suffered a work-related injury of loss of bilateral hearing, and the Appellate Division erroneously reversed that portion of the commissioner's decision.

### III

 Because it is clear from Lamson's amended petition that he was not seeking any compensation for his hearing loss, it was unnecessary and premature for the commissioner in her findings and decision to characterize Lamson's injury as "gradual" or make any finding or decision as to Lamson's entitlement to an award under section 193(3). If Lamson later seeks compensation by reason of his work-related loss of hearing, the Workers' Compensation Commission can then determine those benefits, if any, to which he may be entitled under the provisions of the Workers' Compensation Act.

The entry is:

The decision of the Appellate Division is vacated. Remanded to the Appellate Division to affirm that portion of the decision of the commissioner that Glenwood Lamson is afforded the protection of the Workers' Compensation Act based on the finding that on December 1, 1984 Glenwood Lamson sustained a work-related injury of a bilateral hearing loss, and to vacate the remainder of the decision and findings.

It is further ordered that the employer pay to the employee $550.00 for counsel fees plus reasonable out-of-pocket expenses for this appeal.

All concurring.

---

of such agreement signed by the parties may be filed in the office of the commission. . . . Any member of the commission shall be empowered, without the necessity of the filing of a petition for award, to render a protective decree based upon such memorandum.

**3.** Section 96–A(1) provides: "Any interested party may seek a determination of his rights under this Act by filing with the Commission any petition authorized under this Act."