**Donna BURBANK**

v.

**H.D. GOODALL HOSPITAL and Travelers Insurance Co.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 1, 1995.

Decided April 10, 1995.

---

**1210**

Arthur H. Dumas, Sanford, for employee.

James C. Hunt, Robinson, Kriger, McCallum & Greene, Portland, for employer.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

ROBERTS, Justice.

Donna Burbank appeals from a decision of the Workers' Compensation Commission denying her petition for protection of the Act in connection with a neck and arm condition that Burbank claims arose as a consequence of her work-related back injury. 39 M.R.S.A. § 94 (1989).[1] Because we conclude that in the absence of a dispute about compensation Burbank is not entitled to a factual determination regarding physical conditions that are sequelae of a compensable injury, we affirm the Commission's decision.

Burbank suffered an injury on December 7, 1988, while employed by H.D. Goodall Hospital. The hospital made payments for medical treatment and lost time pursuant to memoranda of payment, which described the injury as a back injury. Burbank's attorney sent a letter to the hospital's insurer in March 1989 seeking benefits for lost time. The letter stated in pertinent part:

> I note in your Memorandum of Payment that only her low back is discussed as an injury. The injury did seem [to] arise out of that particular site, but since then, she has developed neck and right arm problems which her doctor, Dr. Lescord, believes was caused by the manner in which she carried herself subsequent to and as a result of that injury.

Burbank's attorney sent a second letter in April 1989 describing the injury as affecting her back, neck, and arm, and seeking additional partial benefits for lost time and continuing partial benefits thereafter. The hos-

pital paid those benefits in May 1989 pursuant to memoranda of payment that described a low back injury. The hospital also paid medical expenses for treatment in 1990 related to Burbank's neck.

In 1991 Burbank filed a petition for protection of the Act, alleging an injury to her neck and arm. Although Burbank did not request benefits, she believed that the petition was necessary because the hospital never acknowledged the existence of a neck or arm injury in its memoranda of payment. The Commission denied Burbank's petition, stating:

> There is no issue in controversy pending before the Commission. There is no claim by the Employee that the Employer is refusing to pay any medical bill concerning her 1988 injury, nor is there any claim by the Employee that she is being denied weekly compensation benefits because of her 1988 injury.

Burbank filed a motion for findings of fact, which was denied. The Appellate Division did not resolve her appeal prior to January 1, 1994, and we granted Burbank's petition for appellate review pursuant to 39-A M.R.S.A. § 322 (Supp.1994).

Burbank's petition for protection of the Act is governed by 39 M.R.S.A. § 94, which provides in pertinent part:

> [I]n the event of a controversy as to the responsibility of an employer for the payment of compensation, any party in interest may file ... a petition for award of compensation....
>
> If following an injury which causes no incapacity for work the employer and employee reach an agreement that the employee has received a personal injury arising out of and in the course of employment, a memorandum of such agreement signed by the parties may be filed in the office of the commission. Such memorandum shall set forth ... the nature and extent of the injury. Any member of the commission shall be empowered, without the necessity of the filing of a petition for award, to render a protective decree based upon such memorandum.

---

1. Title 39 has been repealed and replaced by Title 39-A. *Maine Workers' Compensation Act of 1992*, P.L.1991, ch. 885, § A-7 (effective January 1, 1993). Because the proceeding was pending on the effective date of the new Act, this appeal is governed exclusively by former Title 39. *Riley v. Bath Iron Works Corp.*, 639 A.2d 626, 627-28 (Me.1994).

Burbank contends that pursuant to *Lamson v. Central Maine Power Co.*, 549 A.2d 377 (Me.1988), she is entitled to a factual determination that her neck and arm condition is causally related to her back injury of December 7, 1988. We disagree. In *Lamson* we held that because the employer had not accepted the compensability of the employee's hearing loss, the employee was entitled to a protective decree on the issue whether the injury was causally related to his employment. 549 A.2d at 378–79. In this case, the hospital does not dispute that Burbank suffered a work-related injury on December 7, 1988. Burbank is claiming that her neck and arm condition were sequelae of her original low back injury, "caused by the manner in which she carried herself subsequent to and as a result of that injury." *See Crocker v. Eastland Woolen Mill, Inc.*, 392 A.2d 32, 34 (Me.1978) (employee's back disability caused by use of crutches following work-related foot injury). We find no authority for Burbank's contention that in the absence of a dispute over benefits, an employee is entitled to a protective decree for subsequent conditions that may be causally related to a prior work-related injury. Such a rule, if adopted, would increase the potential for burdensome and unnecessary litigation. Because "[n]either the language nor the purpose of the statute requires us to vacate the Commission's decision," we affirm. *Nielsen v. Burnham & Morrill, Inc.*, 600 A.2d 1111, 1112 (Me.1991).

Burbank also contends that the hospital failed to file a timely notice of controversy pursuant to 39 M.R.S.A. § 51–B (1989) and therefore accepted her description of her injury as affecting her neck and arm. Because we affirm the dismissal of Burbank's petition for protection of the Act, we do not address this issue on appeal.

The entry is:

Decision of the Workers' Compensation Commission affirmed.

All concurring.