1998 ME 89

**Margaret LIBBY**

v.

**BOISE CASCADE CORPORATION.**

Supreme Judicial Court of Maine.

Argued March 2, 1998.

Decided April 30, 1998.

Ralph L. Tucker (orally), McTeague, Higbee, MacAdam, Case, Watson & Cohen, Topsham, for employee.

John H. King, Jr. (orally), Norman, Hanson & DeTroy, Portland, for employer.

---

Before ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

SAUFLEY, Justice.

■ [¶ 1] Boise Cascade Corporation appeals from a decision of the Workers' Compensation Board awarding its employee the protection of the Act. Boise contends that because it voluntarily paid all compensation benefits that the employee is entitled to receive, there was no controversy over the payment of benefits and the Board erred in granting the petition. We agree with the Board, however, that because Boise made payments "without prejudice," the employee is entitled to seek a protective decree establishing Boise's responsibility for her injury.

[¶ 2] In July 1994, Margaret Libby notified Boise Cascade that she had suffered a work-related carpal tunnel injury. Boise filed a first report of injury and a notice of controversy disputing the injury, and voluntarily paid incapacity benefits for all of Libby's lost time from work as a result of the injury. Boise filed a memorandum of payment with the Board stating that benefits had been paid "pending investigation" and "without prejudice." Libby does not dispute that Boise has paid all compensation due her. Because Boise never accepted the compensability of her carpal tunnel condition, however, Libby filed a petition for award seeking protection of the Act. The Board granted Libby's petition, concluding that although she had been fully compensated, Libby was entitled to seek a determination of the compensability of her injury. We granted Boise's petition for appellate review pursuant to 39–A M.R.S.A. § 322 (Supp.1997).

[¶ 3] The statutory bases for petitions for protection of the Act are found at 39–A M.R.S.A. §§ 305 and 307(1) (Supp.1997). Section 305 provides, in pertinent part, that "[i]n the event of a controversy as to the *responsibility of an employer for the payment* of compensation, any party in interest may file in the office of the board a petition for award of compensation...." 39–A M.R.S.A. § 305 (emphasis added). Subsection 307(1) then provides that "[a]ny interested party may seek a determination of rights under this Act by filing with the board any petition authorized under this Act."

■ [¶ 4] Boise contends that parties may bring petitions for award only when there is a "controversy" concerning "the payment of compensation," pursuant to 39–A M.R.S.A. § 305. Section 305, however, does not refer simply to controversies over compensation payments, but controversies concerning the "responsibility" of employers to pay compensation. The inclusion of the word "responsibility" demonstrates the Legislature's intent to permit petitions for protection when, as here, an employer has paid benefits in full, but has not accepted "responsibility" for so doing.

[¶ 5] The Board's interpretation of section 305 is also supported by our previous interpretation of its predecessor, former 39 M.R.S.A. §§ 94, 96–A (1989), *repealed by* P.L.1991, ch. 885, § A–7, which contained virtually identical language. In *Lamson v. Central Maine Power Co.*, 549 A.2d 377, 378 (Me.1988), the employee, Lamson, filed a petition for protection of the Workers' Compensation Act and the occupational disease law, but did not seek benefits because he had not suffered any incapacity as a result of his injury. The former Workers' Compensation Commission Appellate Division concluded that because Lamson had not suffered a cognizable harm, he was not entitled to protection of the Act. *Id.* We vacated the decision of the Appellate Division, stating that

[h]ad Lamson and CMP reached an agreement that Lamson's hearing loss is work-related and filed a memorandum of that agreement with the Commission, the commissioner could have entered a protective decree based on such a memorandum, without the necessity of Lamson filing a petition for award. *Since CMP did not agree that Lamson's hearing loss was work-related, Lamson had to file a petition for award in order to establish that fact.*

. . . .

... *Lamson is, therefore, entitled to the res judicata consequences of the decision by the commissioner that ... he suffered a*

*work-related injury of loss of bilateral hearing* [.]

*Id.* at 378–79 (emphasis added) (citations omitted) (footnotes omitted).

[¶ 6] Boise contends that *Lamson* is distinguishable because it involved the "early pay system," and not title 39–A, which is designed to encourage informal nonbinding payment of claims. *Lamson* was decided before the enactment of section 305. The Legislature had an opportunity to address Boise's concerns when it enacted section 305, and yet it used language that is almost identical to the language we interpreted in *Lamson.* We will not treat the Legislature as repealing prior entrenched interpretations of statutory language absent express language to the contrary. *See Tripp v. Philips Elmet Corp.,* 676 A.2d 927, 930–31 (Me.1996). We therefore cannot conclude that the statute plainly compels a contrary conclusion to that reached by the Board in this case. *See Nielsen v. Burnham & Morrill, Inc.,* 600 A.2d 1111, 1112 (Me.1991) (the Court must affirm the decision of the Board "unless the statute plainly compels a different result.").[1]

[¶ 7] Finally, Boise contends that the Board's result is precluded by our decision in *Burbank v. H.D. Goodall Hosp.,* 656 A.2d 1209 (Me.1995). We disagree. In *Burbank,* the employer did not dispute that the employee suffered a work-related back injury and, in fact, paid benefits for that injury. *Id.* at 1210–11. The employee, however, later suffered neck and arm problems that she contended were caused by her altered carriage due to the back injury, and were therefore compensable as sequelae to her prior back injury. *Id.* Although she did not seek additional benefits, the employee filed a peti-

tion for protection of the Act because the employer had not accepted responsibility for the neck and arm sequelae. *Id.* The Board dismissed the petition and we affirmed. *Id.*

[¶ 8] Critical to our decision in *Burbank* was the fact that the employer had accepted responsibility for the original injury. The decision denying access to further protection of the Act was expressly limited to situations involving work-related sequelae or other ancillary decisions. Because an employee's work-related injury is rarely static, permitting petitions for protection arising from changes in an employee's medical condition, in the absence of a controversy over benefits or the liability of the employer for the underlying injury, could greatly increase the rate of filing of protective decrees. Moreover, establishing a connection between a work-injury and subsequent sequelae depends more on medical evidence and less on eyewitness accounts and other work-place specific evidence which are more easily lost with the passage of time. Accordingly, we decline to extend our holding in *Burbank* to cases where the employee seeks an initial adjudication of the responsibility for an allegedly work-related injury.

The entry is:

The decision of the Workers' Compensation Board affirmed.

---

1. Boise also contends that its voluntary payments without prejudice satisfied the two-year statute of limitations, 39–A M.R.S.A. § 306 (Supp.1997), and therefore, a protective decree is not necessary to toll the statute of limitations. The Board was not persuaded by this argument. Although we have not determined whether payments made "without prejudice" satisfy the two-year statute pursuant to 39–A M.R.S.A. § 306, because we conclude that the employee may seek a protective decree even where voluntary payments have been fully tendered, we do not reach this issue.