1998 ME 269

Everett GOFF

v.

CENTRAL MAINE POWER CO.

Supreme Judicial Court of Maine.

Argued Nov. 2, 1998.

Decided Dec. 14, 1998.

James J. MacAdam (orally), McTeague, Higbee, MacAdam, Case, Watson & Cohen, Topsham, attorney for the Appellant.

Robert W. Bower (orally), Norman, Hanson & DeTroy, Portland, attorney for the Appellee.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER and CALKINS, JJ.

CLIFFORD, J.

[¶ 1]   Everett Goff appeals, and his employer, Central Maine Power [CMP], cross-appeals, from a decision of the Workers' Compensation Board granting the employee's petition for an award relating to a 1981 injury, but allowing CMP to offset benefits due to Goff by the amount of severance pay CMP paid to him.   We disagree with CMP's contention that, because it has voluntarily paid benefits without prejudice for a 1994 injury, the Board should not have awarded any benefits pursuant to the law in effect at the time of Goff's earlier injury in 1981.   We agree with Goff's contention that it was error for the Board to permit the offset.   Accordingly, we affirm in part and vacate in part, the decision of the Board.

[¶ 2]   Goff suffered a work-related ankle-injury on July 9, 1981 and CMP voluntarily accepted responsibility for that injury.   In 1994 Goff lost time from work after suffering an injury to his tailbone resulting from a slip-and-fall in the CMP parking lot.   Goff's employment was terminated in July of 1994 for economic reasons unrelated to his injury.   Pursuant to Goff's employment contract, Goff was entitled to receive forty-two weeks of earned severance pay, calculated according to the length of his employment with CMP.   CMP paid Goff total incapacity benefits for the *1994 injury*, without prejudice, but unilaterally offset those benefits by the forty-two weeks of severance pay received by Goff upon his termination.

[¶ 3]   Goff filed petitions with the Board seeking incapacity benefits for the *1981 injury*, and in addition, he sought reimbursement for his medical expenses related to the 1994 injury.   CMP did not concede responsibility for the 1994 injury, but paid benefits for the 1994 injury without prejudice.   Goff subsequently withdrew his petition related to that injury.   The Board granted Goff's petition for award for the 1981 injury, finding that "[a]lthough [Goff] also suffers from chronic back pain, I am persuaded by his testimony that it is his ankle problems which prevent him from working."   The Board awarded benefits based on the law and Goff's average weekly wage at the time of his 1981 injury.   The Board rejected CMP's argument that CMP's payment of full benefits for the 1994 injury, without prejudice, precluded an award of benefits for the 1981 injury.   The Board stated further that "[b]ecause there is no petition pending on the 1994 date of injury, . . . no findings have been made with respect to that date of injury."

[¶ 4] The Board agreed with CMP, however, that the employer is entitled to an offset in the amount of Goff's earned severance pay, stating:

The employer maintains that it has a right to offset the benefits owed by the amount of severance paid after termination. I agree. I find that severance pay is a substitute for earnings. It would be inconsistent with the purpose of the Workers' Compensation Laws in effect on the date of injury to allow the employee what would amount to a double recovery for loss of earnings....

We granted both parties' petitions for appellate review pursuant to 39–A M.R.S.A. § 322 (Supp.1998).

## I. CMP'S APPEAL

[¶ 5] CMP contends that its payment of benefits for the 1994 injury bars a petition for award for the 1981 injury even though that payment for the 1994 injury was without prejudice. We disagree. Title 39–A M.R.S.A. § 305 (Supp.1998) provides, in pertinent part, that "[i]n the event of a controversy as to the *responsibility* of an employer for the payment of compensation, any party in interest may file in the office of the board a petition for award of compensation ...." (emphasis added). In *Libby v. Boise Cascade Corp.*, 1998 ME 89, ¶ 4–8, 709 A.2d 737, 738–39, we held that an employer's payment of full benefits "without prejudice" does not preclude a petition for protection of the Act to establish causation. *Id.* As we recognized in *Libby*, section 305 permits the filing of petitions for award in cases involving controversies over the "responsibility" of employers to pay compensation, and not merely controversies concerning the amount of benefits paid to the employee. *Id.* Just as the employee in *Libby* was entitled to bring a petition for award to establish causation when the employer had paid benefits without prejudice on a *single* injury, CMP's payments without prejudice for a *subsequent* injury do not preclude Goff from litigating and establishing causation with resect to his 1981 injury.

[¶ 6] CMP next contends that, even if Goff is not precluded from filing a petition for award for the 1981 injury, pursuant to our decision in *Ray v. Carland Constr., Inc.*, 1997 ME 206, ¶ 6, 703 A.2d 648, 650–51, Goff's entitlement to benefits after 1994 must be governed exclusively by the law and the average weekly wage in effect at the time of his 1994 injury. In *Ray*, we held that, when an employee's incapacity results from the combination of a pre–1993 work-injury and a second work-injury after 1993, the entire resulting incapacity is governed by the law in effect at the time of the subsequent work-related injury. *Id.*[1]

[¶ 7] *Ray*, however, and the statutory change enacted in response to *Ray*, address the issue of the applicable law in cases when the employee suffers more than one compensable injury, the latter of which occurs after the effective date of title 39–A. Until the employer accepts the compensability of the 1994 injury *with prejudice*, or there is a Board decision establishing the compensability of that injury, however, Goff has not suffered two work-related injuries for purposes of the Act, and the 1994 injury must be treated as a subsequent nonwork-injury for

---

1. Our holding in *Ray* was addressed, and the law changed, by the Legislature's enactment in 1998 of 39–A M.R.S.A. § 201(6). P.L.1997, ch. 647, *codified at* 39–A M.R.S.A. § 201(6) (effective April 1, 1998); L.D. 1318, Statement of Fact (118th Legis.1998).

Subsection 201(6) provides:

**6. Prior work-related injuries.** If an employee suffers a work-related injury that aggravates, accelerates or combines with the effects of a work-related injury that occurred prior to January 1, 1993 for which compensation is still payable under the law in effect on the date of that prior injury, the employee's rights and benefits for the portion of the resulting disability that is attributable to the prior injury must be determined by the law in effect at the time of the prior injury.

39–A M.R.S.A. § 201(6) (Supp.1998).

Nevertheless, CMP contends that because the proceeding in this case was pending on the effective date of subsection 201(6), our decision in *Ray* is controlling. *See Riley v. Bath Iron Works Corp.*, 639 A.2d 626, 627–28 (Me.1994). Because we conclude that our holding in *Ray* does not apply to the facts of this case, it is not necessary to determine in this case whether subsection 201(6) applies retroactively to proceedings pending on its effective date.

purposes of determining the applicable law.[2] *See e.g., Lamonica v. Ladd Holmes,* 1998 ME 190, ¶ 5–9, 718 A.2d 182 (employer not entitled to apportionment for subsequent noncompensable work-injury); *Harding v. Sheridan D. Smith, Inc.,* 647 A.2d 1193, 1194 (Me.1994) (same). By electing to pay the employee without prejudice, CMP has preserved its right to contest the compensability of the 1994 injury. We find nothing in the statutory language or our decisions to permit an employer to deny that a compensable work-injury occurred, as CMP has done in this case, and then to treat that injury as work-related for the purpose of deciding what law applies to determine benefits.

## II. GOFF'S APPEAL

[¶ 8] Goff contends that it was error for the Board to allow an offset of benefits in the amount of severance pay. We agree. In the absence of a Board decision establishing liability for the 1994 injury, or an acceptance by the employer of that injury, the issue of a setoff must be governed by the law in effect at the time of Goff's 1981 injury. We find no statutory authority in the 1981 law permitting an employer to offset severance pay against its obligation to pay workers' compensation benefits.[3] The rights of employers and employees pursuant to the Workers Compensation Act are uniquely statutory, and we decline to interpret the Act to provide a setoff of workers' compensation benefits in the absence of express statutory language authorizing a setoff. *See e.g., American Mutual Ins. Cos. v. Murray,* 420 A.2d 251, 252 (Me.1980) (employer not entitled to recover overpayments during unsuccessful appeal by employee); *Page v. General Elec. Co.,* 391 A.2d 303, 307–09 (Me. 1978) (no offset for unemployment benefits in the absence of express statutory language). Accordingly, we vacate that portion of the Board's decision permitting the employer to exercise an offset for severance pay.

The entry is:

The decision of the Workers' Compensation Board affirmed in part, and vacated in part. Remanded to the Workers' Compensation Board for further proceedings consistent with this opinion.

---

2. CMP has not argued that Goff's incapacity is governed by 39–A M.R.S.A. § 201(5) (Supp. 1998), addressing subsequent nonwork-injuries.

3. Because we conclude that the law in effect in 1981 does not provide for an offset to the payment of workers' compensation benefits, we do not address whether the severance pay in this case is a "wage continuation" plan within the meaning of our current workers' compensation statute. 39–A M.R.S.A. § 221 (Supp.1998). *See Gendreau v. Tri–Community Recycling,* 1998 ME 19, ¶ 7–8, 705 A.2d 1106, 1108.