2001 ME 159

**John A. ROE**

v.

**YARMOUTH LUMBER, INC. et al.**

Supreme Judicial Court of Maine.

Argued: Oct. 11, 2001.
Decided: Nov. 20, 2001.

---

Janmarie Toker, Esq., James G. Fongemie, Esq. (orally), McTeague, Higbee, Case, Cohen, Whitney & Toker, P.A., Topsham, for employee.

Thomas E. Getchell, Esq. (orally), Troubh, Heisler & Piampiano, P.A., Portland, (for Liberty Mutual Ins. Co.), Michael Smith, Esq. (orally), Memic, Portland, John M. McCallum, Esq., Robinson Kriger & McCallum, Portland, (for Travelers Ins. Co.), for employer.

Panel: CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

CLIFFORD, J.

[¶ 1] The employee, John A. Roe, appeals from a decision of a hearing officer of the Workers' Compensation Board granting Roe's petitions for award, but denying incapacity benefits pursuant to 39–A M.R.S.A. § 214(1)(A) (2001). The hearing officer found that Roe refused an offer of reinstatement without good and reasonable cause, and, accordingly, was disqualified from receiving benefits during the period of the refusal. Roe contends that the hearing officer's decision is contrary to a Board rule providing that section 214 is not applicable when the employer is paying benefits "without prejudice." Me. W.C.B. Rule Ch. 1, § 2. We disagree and we affirm the decision.

[¶ 2] The hearing officer made the following findings that are undisputed by the parties: Roe suffered a work-related low-back injury on October 16, 1994, while working as a truck driver for Yarmouth Lumber, Inc. His condition gradually deteriorated until early 1997, when he temporarily left work as a result of his injury. Roe was given medical clearance to return to work in the spring of 1997, but, as the hearing officer concluded in this case, "for the most part, medical providers ... recommended that he not return to long haul truck driving." Yarmouth voluntarily paid incapacity benefits "without prejudice," i.e., without formally accepting liability. *See* Me. W.C.B. Rule Ch. 1, § 2.

[¶ 3] In April 1997 Yarmouth sent Roe a written offer of reinstatement employment that "involved short distance driving with no loading and unloading." The written job offer stated, in pertinent part:

According to the most recent Practitioner's Report, you are now able to lift up to 50 pounds on a frequent basis. This should allow you to perform driving duties on a local assignment basis. Duties would involve driving and delivery in the Maine, New Hampshire, Massachusetts area, and would allow you to be back home every evening. We would coordinate this to be sure it does not include any hand unloading of products.

Roe refused the offer and Yarmouth terminated payment of benefits. Roe found sporadic employment from 1997 through 1999. In May 2000 he obtained ongoing part-time employment as a "night auditor" at the Tugboat Inn.

[¶ 4] Roe filed petitions for award of benefits, seeking benefits for his 1994 and 1997 injuries.[1] Although the hearing officer found that Roe suffered work-related injuries in 1994 and 1997, the hearing officer also found that the short-haul truck driving job offered to Roe in April 1997 "conformed with Mr. Roe's restrictions by his treating physician at that time." The hearing officer concluded that Roe refused a good faith, bona fide offer of reinstatement employment without good or reasonable cause, and would therefore not be entitled to incapacity benefits during the period of the refusal. *See* 39–A M.R.S.A. § 214(1)(A). The hearing officer denied the employee's motion for further findings of fact and conclusions of law, and we granted Roe's petition for appellate review pursuant to 39–A M.R.S.A. § 322 (2001).

## I.

[¶ 5] Section 214 provides, in pertinent part:

1. **Benefit determination.** While the incapacity is partial, the employer shall pay the injured employee benefits as follows.

    **A.** If an employee receives a bona fide offer of reasonable employment from the previous employer or another employer or through the Bureau of Employment Services and the employee refuses that employment without good and reasonable cause, the employee is considered to have voluntarily withdrawn from the work force and is no longer entitled to any wage loss benefits under this Act during the period of the refusal.

    . . . .

5. **Reasonable employment defined.** "Reasonable employment," as used in this section, means any work that is within the employee's capacity to perform that poses no clear and proximate threat to the employee's health and safety and that is within a reasonable distance from that employee's residence. The employee's capacity to perform may not be limited to jobs in work suitable to the employee's qualification and training.

39–A M.R.S.A. §§ 214(1)(A) & (5) (2001).

[¶ 6] Pursuant to section 205 of the Act, employers can voluntarily pay benefits in the absence of a decree or an approved agreement, without accepting liability for the work-injury. 39–A M.R.S.A. § 205 (2001). This procedure is sometimes referred to as "payment without prejudice."[2] *See, e.g., Goff v. Cent. Maine Power Co.,* 1998 ME 269, ¶ 1, 721 A.2d 182, 183; *Libby v. Boise Cascade Corp.,* 1998

---

1. Roe also filed a petition for award alleging a 1992 injury, which is not at issue in this appeal.

2. Section 205 does not expressly refer to "payments without prejudice." The statute of limitations, 39–A M.R.S.A. § 306(2) (2001), however, makes reference to payments made "with or without prejudice."

ME 89, ¶ 1, 709 A.2d 737, 738. Employers paying benefits "without prejudice," may terminate those benefits after providing 21-day written notice to the Board and the employee. 39–A M.R.S.A. § 205(9)(B)(1) (2001).[3] By contrast, when there is a Board decree or formal agreement establishing liability for an injury and the employer is paying benefits "*with* prejudice," the employer may not terminate or reduce benefits without first filing a petition with the Board and waiting until a final resolution of the dispute. 39–A M.R.S.A. § 205(9)(B)(2) (2001).

[¶ 7] The Board has promulgated rules governing procedures for payment of incapacity or death benefits with or without prejudice. The rule provides, in pertinent part:

> Claims for Incapacity and Death Benefits
>
> 1. Within 14 days of notice or knowledge of a claim for incapacity or death benefits for a work-related injury, the employer will:

**3.** Section 205(9) provides, in pertinent part:

> 9. **Discontinuance or reduction of payments.** The employer, insurer or group self-insurer may discontinue or reduce benefits according to this subsection.
>
> **A.** If the employee has returned to work with or has received an increase in pay from an employer that is paying compensation under this Act, that employer or that employer's insurer or group self-insurer may discontinue or reduce payments to the employee.
>
> **B.** In all circumstances other than the return to work or increase in pay of the employee under paragraph A, if the employer, insurer or group self-insurer determines that the employee is not eligible for compensation under this Act, the employer, insurer or group self-insurer may discontinue or reduce benefits only in accordance with this paragraph.
>
> (1) If no order or award of compensation or compensation scheme has been entered, the employer, insurer or group self-insurer

> A. Accept the claim and file a Memorandum of Payment checking "Accepted" in Box 18; or
>
> B. *Pay without prejudice* and file a Memorandum of Payment checking "Voluntary Payment Pending Investigation" in Box 18; or
>
> C. Deny the claim and file a Notice of Controversy.
>
> . . . .
>
> § 2. *Payment without prejudice*
>
> *1. Payment without prejudice does not constitute a payment scheme.*
>
> *2. If no payment scheme exists, the employer may reduce or suspend the payment of benefits pursuant to 39–A M.R.S.A. § 205(9)(B)(1). The provisions of 39–A M.R.S.A. § 214 do not apply to compensation payments that are made without prejudice.*
>
> . . . .

Me. W.C.B. Rule ch. 1, §§ 1, 2 (emphasis added).

■ [¶ 8] Relying on Board rule ch. 1, § 2, Roe contends that section 214 does

> may discontinue or reduce benefits by sending a certificate by certified mail to the employee and to the board, together with any information on which the employer, insurer or group self-insurer relied to support the discontinuance or reduction. The employer may discontinue or reduce benefits no earlier than 21 days from the date the certificate was mailed to the employee. . . .
>
> (2) If an order or award of compensation or compensation scheme has been entered, the employer, insurer or group self-insurer shall petition the board for an order to reduce or discontinue benefits and may not reduce or discontinue benefits until the matter has been finally resolved through the dispute resolution procedures of this Act, any appeal proceedings have been completed and an order of reduction or discontinuance has been entered by the board.
>
> . . . .

39–A M.R.S.A. § 205(9) (2001).

not apply when compensation payments are made without prejudice. Roe contends that because he had been receiving benefits "without prejudice" at the time of the April 1997 offer, the subsection 214(1) penalty for refusal of a bona fide reinstatement offer without good and reasonable cause does not apply. We disagree.

[¶ 9] The Board did not construe its rule as precluding the application of § 214(1)(A) to the facts extant in this case,[4] and we similarly decline to accept the employee's interpretation of that rule. Section 214(1)(A), by its plain language, is not contingent on the type of employer payment, nor is its application dependent on there being any employer payment at all. Section 214(1)(A) provides that an employee who refuses a bona fide offer of reasonable employment without good and reasonable cause is "no longer *entitled* to benefits." 39–A M.R.S.A. § 214(1)(A) (emphasis added). As we have recently held, "[e]mployees may be *entitled* to benefits prior to their actual *receipt* of benefits," and, therefore, an employer may invoke section 214(1)(A) even in the absence of any employer payment. *See Holt v. S.A.D. No. 6,* 2001 ME 146, ¶ 5, 782 A.2d 779. A Board rule that is construed to preclude the application of section 214(1)(A) when an employer is paying benefits without prejudice is contrary to the plain language of the statute, and could lead to an incongruous result: employers who are *not* making payments could invoke the statute to be relieved of any obligation to make payments, while employers *paying* benefits without prejudice would be precluded from invoking section 214(1)(A). Our conclusion that Board Rule ch. 1, § 2.2 does not preclude the application of section 214(1)(A)[5] during a period when the employer is paying benefits without prejudice is consistent with the statutory language and with the appellate pronouncement of the Board itself.

The entry is:

Decision of the hearing officer of the Workers' Compensation Board affirmed.

---

4. *Bourassa v. Town of Farmington,* W.C.C. 98–01 (March 3, 1998).

5. Section 214(1)(A) provides that an employee who refuses a bona fide offer of reasonable employment without good or reasonable cause is subject to a termination of incapacity benefits "during the period of the refusal."

39–A M.R.S.A. § 214(1)(A); *see also Loud v. Kezar Falls Woolen Co.,* 1999 ME 118, ¶ 6, 735 A.2d 965, 967–68. Roe has not contended on appeal that his subsequent work search or employment constitutes the end of the period of refusal.